IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


KELLEY PATRICK MILLS                                                                    PETITIONER

v.                                      Case No. 4:10-cv-4120

DAVID PARKER, Warden,                                                                  RESPONDENT
James Crabtree Correctional Center, ODC


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, KELLEY PATRICK MILLS, an inmate confined in the James Crabtree Correctional Center of the Oklahoma Department of Corrections[1], filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

A. **Procedural Background**[2]:

On July 9, 1985, Petitioner pled guilty to capital murder in the Circuit Court of Miller County, Arkansas.  He was sentenced to life imprisonment without parole.  He did not appeal the conviction.  On May 23, 1986, he filed a state petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1.  In this petition, he alleged he had recieved ineffective assistance of counsel prior to his plea of guilty.  He also alleged that his custodial confession had been coerced.  The trial court held a hearing in 1990 but did not rule in the case until 1998.  *See Mills v. State*, 999 S.W.2d 674 (Ark. 1999)(per curiam).  On appeal to the Arkansas Supreme Court, he alleged his confession was

---

[1] According to Respondent, Petitioner is serving his life sentence in Oklahoma rather than Arkansas pursuant to an interstate compact.

[2] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

not volutary and that the state prosecutor had not been truthful during the plea negotiations.  *See id.*  The Arkansas court affirmed the denial of the Rule 37.1 petition on September 3, 1999.  *See id.*  The mandate of the Arkansas Supreme Court was issued on October 13, 1999.  ECF No. 9 p. 2.

Prior to the state trial court ruling on his 1986 Rule 37.1 petition, Petitioner filed a petition for *habeas corpus* relief in the United States District Court for the Eastern District of Arkansas.  *See Mills v. Norris*, No. PB-96-246, (E.D. Ark. 1998).  The Federal court in the Eastern District of Arkansas dismissed the petition, without prejudice to refiling, because Petitioner had not exhausted his available state court remedies.  ECF No. 9-3.

On March 24, 2008, Petitioner filed a second state court Rule 37.1 petition, alleging there was newly-discovered evidence showing he was not competent to stand trial in 1985.  ECF No. 9-4, p.2.  Specifically, he alleged that prior to his guilty plea, his lawyer filed a motion for independent psychological and psychiatric evaluation showing the lawyer had grave doubts about his competency.  Petitioner stated that he pled guilty prior to that motion being ruled upon.  He also stated there was a report from a "hospital" which omitted the fact that his IQ had been measured at 50.  The trial court again denied his petition and he appealed.  The Arkansas Supreme Court affirmed the denial of the petition stating:

> Since its inception in 1976, Arkansas Rule of Criminal Procedure 37.2(b) has provided that all grounds for relief must be raised in the original petition filed under the rule.  A petitioner is not entitled to file a second petition under the rule, unless the original petition was specifically denied without prejudice to filing a subsequent petition.  When petitioner's original petition was denied in 1998, the court did not grant him leave to proceed with a subsequent petition; therefore, **petitioner was procedurally barred from proceeding again under the rule**.

*Mills v. State*, No. CR-09-107, 2010 WL 2539767, *1 (Ark. June 24, 2010)(per curium)(emphasis added).  The Arkansas court specifically held Petitioner was procedurally barred from raising any

other claims. Further, the court held Petitioner's claim of newly-discovered evidence was a "direct challenge to a judgment of conviction and not a basis for post-conviction relief under Rule 37.1." *Id* at *1.

**B. Current Petition**:

On August 18, 2010, Petitioner filed the instant Petition. In this Petition, he raises the same claims which were raised in the 2008 Arkansas state court petition, including the claim of newly-discovered evidence. The Respondent asserts that the claims in the Petition are time barred by 28 U.S.C. §2244(d)(1)(A). Respondent also asserts the Petitioner is procedurally barred from raising these claims.

**C. Discussion**:

**1. One-year Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Petitioners whose convictions became final before the April 24, 1996, effective date of Antiterrorism and Effective Death Penalty Act (AEDPA) are given a one-year filing period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled, and no time before AEDPA's effective date should be used to calculate period of limitations for filing federal habeas petition. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000).

In this case, Petitioner's conviction was prior to April 24, 1996. The Court must therefore calculate the one-year statute of limitations based on April 24, 1996 as the date of a "final conviction" and Petitioner had until April 24, 1997 in which to file the instant petition, unless that time period was tolled. On April 24, 1997, Petitioner's first state motion for post-conviction relief was pending. Therefore, the Court must consider the effect of tolling of any time periods prior to the filing of the instant Petition on August 18, 2010.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

Petitioner filed his first state court petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 on May 23, 1986. This petition was dismissed by the trial court. Petitioner appealed that dismissal and said dismissal was affirmed by mandate of the Arkansas Supreme Court on October 13, 1999. Accordingly, the time between April 24, 1997 and October 13, 1999, is tolled for purposes of the one-year limitations period and Petitioner had one year or until October 13, 2000, to file a petition in this court pursuant to Section 2254. The 2008 state court Rule 37.1 petition did not act to toll the running of the statute of limitations, and there were no other state court matters pending which would toll the running of the limitations period. Therefore, application of Section 2244(d)(2)'s tolling provision does not save the instant Petition filed on August 18, 2010. The only remaining issue is whether the date of filing the instant Petition is subject to equitable tolling.

**3. Equitable Tolling of the One-Year Limitation Period**: The United States Supreme court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see,*

*e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v Kemna,* 530 F.3d 850, 857 (8th Cir. 2008) (citations omitted).

Petitioner asserts there is "newly discovered evidence which could not have been discovered by the Petitioner in the exercise of due diligence." ECF No. 1, p. 13. This "newly discovered evidence" is in actuality a motion for mental competency examination filed with the state trial court by his trial lawyers in 1985. ECF No. 1, p. 13. Petitioner states that because he was incarcerated he was unable to personally search through the state court's record following his conviction. ECF No. 1, p. 13. He alleges the motion was "secreted/couched away in said [record] without his being aware of his trial counsel filing it. ECF No. 1, p. 13.

In his Traverse Reply (ECF No. 10) to the Response in this matter, Petitioner asserts the motion for competency examination was "not placed on the district [circuit] court docket nor was a hearing had or decision rendered on said motion." ECF No. 10, p. 2. In fact, the motion at issue is clearly marked by the Miller County Circuit clerk and shows a filing date of July 1, 1985, eight (8) days prior to Petitioner's guilty plea. ECF No. 2, pp.36-37 (certified copy of Motion for Competency Examination). Petitioner's mother, when asked to search the state court files in January

2008, twenty-three (23) years after the guilty plea, found the subject motion for competency examination without difficulty. ECF No. 2, pp. 38 (affidavit of Peggy Jean Mills). Petitioner cites no extraordinary circumstance preventing him from accessing the state court record and raising this issue at any time subsequent to his guilty plea in 1985. To find that Petitioner's incarceration was an "extraordinary" circumstance would eviscerate the rationale of the one-year statute of limitations. The doctrine of equitable tolling is inapplicable to the circumstances in this case.

**D. Conclusion**:

Petitioner's conviction became final on August 8, 1985. Because this conviction occured prior to the effective date of the AEDPA, the one-year statute of limitations of § 2244(d)(1)(A) began to run on April 24, 1997. On that date, Petitioner's state court post-conviction proceeding was pending and it remained pending until October 13, 1999. Accordingly the one-year statute of limitations expired on October 12, 2000, absent tolling of that statute. Neither the statutory tolling provisions of §2244(d)(2) nor equitable tolling operate to extend the one-year statue of limitations. The instant Petition filed on August 18, 2010 is therefore untimely.[3]

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[4]

---

[3] Respondent also raises the defense of procedural default in this matter. As the Court finds the Petition untimely filed, it will not address the issue of procedural default.

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **7th day of March, 2011.**

                                                 /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE